**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHEILA COY,<br><br>Plaintiff,<br><br>v.<br><br>GLOUCESTER COUNTY SHERIFF'S DEPT. ET AL.,<br><br>Defendants. | Case No. 1:26-cv-01476-KMW-SAK<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court pursuant to the application ("Application") of *pro se* plaintiff Sheila Coy ("Plaintiff") to proceed *in forma pauperis* ("IFP") (ECF No. 1-5); and Plaintiff having brought this action against defendants Gloucester County Sheriff's Department and US National Bank ("Defendants") on February 12, 2026, and the Court finding;

1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees. Specifically, she asserts that she has no income or expenses and that she does not have a spouse to contribute income or share in expenses. The Court also observes that Plaintiff's suit pertains to an eviction/foreclosure.

3. The Court shall accordingly screen the action to determine whether Plaintiff's complaint (ECF No. 1) is (a) frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State*

*Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. A complaint must also comply with Rule 8, which requires a complaint to include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The Rule also requires each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

6. Here, Plaintiff sought to enjoin the lockout of her home in Gloucester County, purportedly set to take place the following day on February 13, 2026, at 8:00 a.m., as violative of the Americans with Disabilities Act and 42 U.S.C. § 1983. (ECF No. 1.) Because the lockout has presumably already occurred, nothing remains for the Court to enjoin. Accordingly, the relief sought in Plaintiff's Complaint is moot. *See Brand Energy & Infrastructure Servs. Inc. v. Irex Contr. Grp.*, No. 16-2499, 2016 WL 6442077, at *3 (E.D. Pa. Oct. 31, 2016) (explaining that requested relief was moot because the time to act had expired). Even if the relief sought by the Complaint were not moot, the Court observes that the Complaint lacks sufficient factual allegations to state a claim under Federal Rule of Civil Procedure 8.

The Court will therefore **GRANT** Plaintiff's IFP Application but will **DISMISS** her Complaint **WITHOUT PREJUDICE.**[1]

---

[1] Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *See Grayson*, 293 F.3d at 114.

**IT IS** on this **21st** day of **October 2026 ORDERED** that:

1. Plaintiff's Application for IFP (ECF No. 1-5) is **GRANTED.**

2. The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff may file an amended complaint within 30 days of this Order that complies with the dictates of Rule 8 of the Federal Rules of Civil Procedure.

3. The Clerk of the Court is directed to close this action and send a copy of this Order to Plaintiff by regular mail and via email.

KAREN M. WILLIAMS
United States District Judge